Suzanne J. Romajas
SECURITIES AND EXCHANGE COMMISSION
100 F Street, N.E.
Washington, DC 20549-5971
Email: RomajasS@sec.gov

*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>JOHNNY R. THOMAS,<br>ROBERT C. POTTS,<br>JONATHAN BRETT WOODARD, and<br>JOHN C. FRANCIS,<br><br>Defendants. | Case No. 19-cv-1132-JCM-EJY<br><br>**STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER WITH RESPECT TO THE PRODUCTION OF SENSITIVE PERSONAL INFORMATION AND [~~PROPOSED~~] NON-WAIVER AND CLAWBACK ORDER** |

WHEREAS, the parties are engaged in disclosure and discovery activity in this matter that will include, among other things, the initial service of documents identified in the parties' Rule 26(a) reports, the production of documents and information by parties and non-parties in response to subpoenas and other requests for information, and the taking of testimony;

WHEREAS, portions of many such documents, information, and transcripts will likely contain personally identifiable information about individuals, including the Defendants in this matter; and

WHEREAS, the parties desire to protect such information from use for any purpose other than this litigation and therefore desire to expand the protections offered by Federal Rule of Civil Procedure 5.2(a) and Local Rule IC 6-1 of the United Stated District Court for the District of Nevada;

1

ACCORDINGLY, Plaintiff Securities and Exchange Commission, and Defendants Johnny R. Thomas, Robert C. Potts, Jonathan "Brett" Woodard, and John C. Francis, through their respective counsel, hereby stipulate to and petition the Court to enter the following Stipulated Protective Order:

As used in this Order, the term "Sensitive Personal Information" shall include any one or more of the following categories of personal and private information: (a) a social security or tax identification number; (b) individuals' financial information, including but not limited to statements or account numbers for any bank account, credit card account, brokerage account, fund transfer or payment facilitation account, mortgage, or loan; (c) biometric data, such as a finger or voice print; (d) tax information, including but not limited to tax returns; (e) the phone number(s) of any individual person; (f) the birth date of any individual person; (g) the name of any individual person who, at the time of the filing of the Complaint in this action, was known to be less than 18 years old; (h) medical information, and/or (i) the maiden name of an individual's mother.

Sensitive Personal Information does not include public information about an individual that is lawfully available to the general public.

Sensitive Personal Information produced during the course of this litigation shall not be used by any party to this litigation ("Party") except as expressly permitted hereunder.

**Sensitive Personal Information**:

1. Shall be used by the Parties for the purposes of this litigation only;
2. Shall not be used by the Parties for any business or commercial purposes;
3. Shall not be disclosed to any third party, published or otherwise made public in any form by any Party except as permitted below;
4. May be disclosed only to the following persons, on an as-needed basis in the course of the litigation:
    a. A Party;
    b. Counsel for any Party and employees and agents of counsel who have responsibility for the preparation and trial of this action, including but not limited to attorneys, employee consultants, legal support staff, and any person or entity with whom a Party contracts to reproduce or manage documents;

c. Independent (non-employee) consultants, expert witnesses, or advisors retained by any Party or counsel for any Party to assist in the preparation and trial of this action;

d. Deposition and trial witnesses and others whom counsel in good faith have a reasonable expectation may be a deposition or trial witness to the action; provided that such persons shall first be advised of the existence and content of this Stipulation and Protective Order and shall execute a Declaration of Confidentiality in the form attached hereto as Exhibit A;

e. A document's author(s), recipient(s), or copyee(s);

f. The Court, members of the jury, and court personnel, including any Judge or Magistrate assigned to the action, their staff, as well as court reporters or stenographers engaged to record depositions, hearings or trial testimony, and their employees.

The disclosing Party shall retain and preserve all completed and signed Declarations of Confidentiality received from persons identified in Paragraphs 4(d) for the duration of this action and any appeals arising therefrom, or until further order of the Court.

Notwithstanding any other provisions contained herein, nothing in this Stipulation and Protective Order shall be construed to limit or otherwise abrogate the SEC's ability to make its files available pursuant to the "Routine Uses of Information" section of SEC Forms 1661 or 1662, or to comply with any other statutory obligation.

All Sensitive Personal Information that is filed with the Court, or offered into evidence at the trial of this action, or referenced in any proceeding in this action, including in arguments made to the Court, shall comply with Federal Rule of Civil Procedure 5.2(a) and Local Rule IC 6-1 of the United Stated District Court for the District of Nevada.

**Non-Waiver and Clawback Provision Concerning Privileged Material Inadvertently Disclosed During Litigation**

The inadvertent production of any document or information during discovery in this case shall be without prejudice to the disclosing Party's claim that such material is privileged under the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection, and no disclosing Party shall automatically be held to have waived any claims or arguments under the inadvertent production doctrine.

If a disclosing Party discovers that it inadvertently produced during discovery a document or information that it claims is privilege under the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection, the disclosing Party shall so notify the Party or Parties to whom the document or information was produced in writing within five (5) calendar days of such discovery. The failure to provide such notification within the five-day period shall result in a waiver of the claim of privilege. Within five (5) calendar days of receipt of written notice from the disclosing Party, the receiving Party or Parties shall return, sequester or destroy all copies of the identified material and make no further use of such material pending resolution of the claim.

The Parties shall meet and confer in an effort to resolve any disagreements concerning the identified material, including, but not limited to disagreements concerning whether the material is privileged, whether the production was inadvertent, whether the privilege has been waived. If the Parties cannot resolve their disagreement(s), any Party may apply to the Court within five (5) days of the meet-and-confer and present the information to the Court under seal for a ruling on the disclosing Party's claim.

Nothing in this agreement is intended to shift the burden of the Party claiming the privilege of establishing that the privilege applies and has not been waived.

The parties agree to be bound by the terms of this Order pending its entry by the Court. Any violation of the terms of this Order before it is entered by the Court shall be subject to the same sanctions and penalties as if the Order had already been entered by the Court.

The obligations imposed by this Order shall remain in effect even after the final disposition of this litigation unless the Court orders otherwise.

This Stipulation and Proposed Order may be modified by agreement of the Parties and upon further Order of the Court for good cause shown.

Respectfully submitted,

Dated: October 25, 2019:

 /s/ Suzanne J. Romajas
Suzanne J. Romajas
Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549-5971
RomajasS@sec.gov

*Attorney for Plaintiff*

Dated: October 25, 2019:

 /s/ Adam C. Trigg
Randall R. Lee
Jessica Valenzuela Santamaria
Amy M. Smith
Cooley LLP
1333 2nd Street, Ste. 400
Santa Monica, CA 90401
Randall.Lee@cooley.com

-and-

Adam C. Trigg
Bergeson LLP
111 N. Market Street, Ste. 600
San Jose, CA 95113
ATrigg@be-law.com

*Attorneys for Defendants Thomas and Francis*

[signatures continued on next page]

Dated: October 25, 2019:

   /s/ Jonathan D. Bletzacker
Jonathan D. Bletzacker
Brent R. Baker
Clyde Snow & Sessions
201 South Main Street, Ste. 1300
Salt Lake City, UT 84111
Email: BRB@clydesnow.com

*Attorneys for Defendants Potts and Woodard*

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: October 28, 2019

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>JOHNNY R. THOMAS,<br>ROBERT C. POTTS,<br>JONATHAN BRETT WOODARD, and<br>JOHN C. FRANCIS,<br><br>　　　　Defendants. | Case No. 2:19-cv-1132-JCM-EJY<br><br>**DECLARATION OF**<br>**CONFIDENTIALITY** |

　　　　I hereby acknowledge that I am to receive documents or information pursuant to the terms of a Protective Order with Respect to the Production of Sensitive Personal Information ("Order") in *Securities and Exchange Commission v. Johnny R. Thomas, et al.*, Case No. 2:19-cv-1132-JCM-EJY, pending in the United States District Court for the District of Nevada.

　　　　I acknowledge receipt of a copy of the Order, and certify that I have read it. I agree to be bound by the terms and restrictions set forth therein.

　　　　I agree to submit to the jurisdiction of the United States District Court for the District of Nevada with respect to any proceedings relating to or arising from this Declaration.

　　　　Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　(Signed)
　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　(Print Name)
　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　(Date)